IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3092 |
| | § | |
| | § | |
| SM ENERGY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Liberty Insurance Corporation sued to establish its statutory subrogation rights to recover workers' compensation benefits it paid after an oil-field accident killed one of its insured's employees and severely injured another. Liberty paid workers' compensation benefits to the injured employee and the deceased's family and estate. The workers' compensation beneficiaries filed suit in Texas state court against the employer and the company that owned the oil wells and had contracted with the employer. The parties reached a settlement agreement. At that point, Liberty asserted a right to be reimbursed for the workers' compensation benefits it had paid and to receive a credit for workers' compensation benefits that it would pay in the future. The beneficiaries and the employer asserted that Liberty had contractually waived its subrogation rights in the insurance policy it had issued. The settlement could not be completed due to Liberty's claimed right to statutory subrogation out of the settlement funds the third-party-tortfeasor premises owner would pay the beneficiaries.

In this federal suit, Liberty sought a declaratory judgment that it was entitled to reimbursement for the workers' compensation benefits it had paid and would pay. Liberty sued the premises owner, SM Energy; the widow, Leonola Hernandez individually, on behalf of Daniel

Hernandez, Sr.'s estate, and as next friend of Daniel Hernandez, Jr.; Abraham Hernandez; and Kathy Cantu, as Daniel Hernandez's next friend.  Two of the defendants — SM Energy and Leonola Hernandez, in both her individual and representative capacities — answered and counterclaimed, and moved for summary judgment on Liberty's claims and their counterclaims.  In a December 18, 2012 memorandum and opinion, this court granted the defendants' motions for summary judgment, finding that Liberty had waived its subrogation rights against them and that the right to subrogation included the right to reimbursement.  Liberty now moves that this court reconsider its earlier opinion.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration.  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997).  Motions asking a court to reconsider a judgment or order are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b).  *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

The defendants oppose Liberty's motion for reconsideration on the basis that it was filed more than 10 days after the court issued its opinion.  Effective December 1, 2009, Rule 59(e) was amended to provide parties with 28 days from entry of a judgment to move to alter or amend that judgment.  FED. R. CIV. PROC. 59(e).  Because Liberty's motion for reconsideration was filed within 28 days of this court's opinion, its motion is appropriately considered under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly

2

establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Liberty argues that this court erred in granting summary judgment for two reasons. First, Liberty points to Fifth Circuit case law holding that a subrogation waiver does not waive the right to a credit against future benefits. This argument is untimely; Liberty did not make it in opposing summary judgment. *See Miller v. Safeco Ins. Co. of Am*, 683 F.3d 805, 813 (7th Cir. 2012) (Rule 59(e) is "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier."). The argument is also unpersuasive. The cases Liberty cites interpret the federal Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950. *See Petro-Weld, Inc. v. Luke*, 619 F.2d 418 (5th Cir. 1980) (holding that, under the LHWCA, a subrogation waiver includes a carrier's right to reimbursement for past benefits against an employee but not a right to offset); *see also Kelly v. Red Fox Cos. of New Iberia, Inc*., 123 F. App'x 595 (5th

Cir. 2005); *Nicklos Drilling Co. v. Cowart*, 907 F.2d 1552 (5th Cir. 1990); *Jackson v. Land & Offshore Services, Inc.*, 855 F.2d 244 (5th Cir. 1988); *Petroleum Helicopters, Inc. v. Collier*, 784 F.2d 644 (5th Cir. 1986) (all interpreting the LHWCA).

The relevant statute in this case is not the LHWCA; it is the Texas Workers' Compensation Act (TWCA). The TWCA defines an insurance carrier's "subrogation interest" as "the amount of the total benefits *paid or assumed* by the carrier to the employee or the legal beneficiary, less the amount by which the court reduces the judgment based on the percentage of responsibility determined by the trier of fact . . . ." TEX. LAB. CODE § 417.001(b) (emphasis added). The phrase "paid or assumed" suggests that, under the TWCA, a subrogation right includes both benefits that an insurer has already paid and those that an insurer owes but has not yet paid.

Texas state court opinions are consistent with this approach. Although the Texas Supreme Court has not yet ruled on this issue, at least two Texas intermediate appellate courts have held that, under the TWCA, a waiver of subrogation waives the right to a credit against future benefits. *See Am. Risk Funding Ins. Co. v. Lambert*, 59 S.W.3d 254, 259 (Tex. App.—Corpus Christi 2001, pet. denied) ("A waiver of the carrier's subrogation rights waives its right to reimbursement and its right to future credits."); *Hartford Accident & Indem. Co. v. Buckland*, 882 S.W.2d 440, 444–56 (Tex. App.—Dallas 1994, writ denied) ("Under article 8307, section 6a, a carrier's subrogation interest includes its right to reimbursement as well as its right to future amounts for which it is relieved of liability.").

Second, Liberty argues that the master service contract (MSC) between SM Energy and Select Energy Services is ambiguous and that any ambiguity should be construed against SM Energy. For the reasons explained in the December 7, 2012 memorandum and opinion, the MSC is not ambiguous because it is not "susceptible to two or more reasonable interpretations." Under

the plain language of paragraphs 11.2[1] and 11.1(c)[2] of the MSC, the state-court plaintiffs' personal injury claims are unambiguously within the range of "risks and liabilities" that Select assumed as SM Energy's contractor.

After considering the record; the motion, response, and reply; and the relevant law, and for the reasons stated above, Liberty's motion for reconsideration, (Docket Entry No. 19), is denied.

SIGNED on January 14, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[1] Paragraph 11.2 of the MSC states in relevant part:

> 11.2 <u>Contractors Indemnification</u>: Contractor agrees to release, defend, indemnify and hold harmless St. Mary Group from and against any and all Claims, Losses, and Expenses directly or indirectly arising out of or related to bodily injury or death of, or damage to property of, Contractor Group in any way, directly or indirectly, arising out of, or related to, the performance or subject matter of this Contract . . . and expressly including any Claims Losses or Expense actually or allegedly resulting from the negligence or fault of St. Mary Group or any other person or entity. The indemnity obligations set forth in this Section shall include any medical, compensation or other benefits paid by St. Mary . . . in connection with employees of Contractor.

(Docket Entry No. 11, Ex. 1, ¶ 11.2).

[2] The MSC defines "Claims, Losses and Expenses" as follows:

> The term "Claims, Losses and Expenses" shall mean all claims, demands, causes of action, liabilities, damages, judgments, fines, penalties, awards, losses, costs, expenses (including, without limitation, attorneys' fees and costs of litigation) of any kind or character arising out of, or related to, the performance of or subject matter of this Contract (including, without limitation, property loss or damage, personal or bodily injury, sickness, disease or death, loss of service and/or wages, or loss of consortium or society).

(*Id.*, ¶ 11.1(c).