IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3092 |
| | § | |
| | § | |
| SM ENERGY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Liberty Insurance Corporation sued to establish its statutory subrogation rights to recover workers' compensation benefits it paid after an oil-field accident killed one of its insured's employees and severely injured another. Liberty sued the premises owner, SM Energy; the widow, Leonola Hernandez, individually, as the representative of Daniel Hernandez, Sr.'s estate and as next friend of Daniel Hernandez, Jr.; Abraham Hernandez; and Kathy Cantu, as Daniel Hernandez's next friend. Two of the defendants — SM Energy and Leonola Hernandez — answered and counterclaimed, then moved for summary judgment on Liberty's claims and their counterclaims. In a December 18, 2012 memorandum and opinion, this court granted the defendants' motions for summary judgment, finding that Liberty had waived its subrogation rights against them and that the right to subrogation included the right to reimbursement. Cantu and Abraham Hernandez have not been served, and they have not moved for summary judgment. In granting summary judgment for a party that has been served, answered, and moved under Rule 56, a court may also grant summary judgment for a party that has not been served or appeared in the action. *Columbia Steel Fabricators, Inc v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995); *see also* FED. R. CIV. P. 56(f)(1) ("[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment

for a nonmovant.").

Summary judgment as to a party that has neither been served nor appeared is appropriate when: (1) the "same issues control[]" resolution of the claims as to both that party and the nonmovant that did appear and opposed summary judgment; (2) resolving the claims relating to the nonappearing party would not "require any additional or different evidence or briefing"; and (3) the party that opposed summary judgment has been given an opportunity to "demonstrate[] why [its] case against [the nonappearing party] would not be controlled by the decision in [its] case against the [appearing party]." *Columbia Steel Fabricators*, 44 F.3d at 803; *see also Chrysler Credit Corp. v. Cathey*, 977 F.2d 447 (8th Cir. 1992) (holding that a district court did not err when, in granting summary judgment for the plaintiff, it also granted summary judgment to a nonmoving crossclaimant because the crossclaimant's "right to judgment turned on the same issues as [the plaintiff's] right to judgment.").

The claims and issues raised by the parties seeking summary judgment against Liberty are the same as those that would be raised as to Cantu and Abraham Hernandez, the defendants who were not served and who did not appear. The movants' right to judgment turns on the same subrogation issues and evidence that would apply to the nonappearing defendants. Although Liberty has had an opportunity to explain why this court's grant of summary judgment should not be the basis for entry of final judgment, and indeed has filed a notice of appeal from the court's grant of summary judgment, out of an abundance of caution, this court will extend Liberty a formal opportunity to put on the record its grounds for opposing entry of final judgment. Liberty has until February 15, 2013 to file a statement showing cause why summary judgment should not be granted as to Abraham Hernandez and Kathy Cantu, as Daniel Hernandez's next friend, and final judgment

should not be entered.

        SIGNED on February 5, 2013, at Houston, Texas.

                                            Lee H. Rosenthal
                                   United States District Judge